UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 14 C 2035 |
| MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-for-Profit Corporation, LEO BOLER, M.D., ACCESS COMMUNITY HEALTH NETWORK, an Illinois Not-for-Profit Corporation d/b/a ACCESS MADISON FAMILY HEALTH CENTER, MEENAKSHI GUPTA, M.D., SARIKA ARORA, M.D., and ALLA BODNER, M.D., | ) ) ) ) ) ) ) ) ) ) ) | (Formerly case No. 2013 L 14104, Circuit Court of Cook County, Illinois) |
| Defendants. | ) | |

**CORRECTED NOTICE OF REMOVAL OF A CIVIL ACTION
AND SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:  Dorothy Brown, Circuit Court Clerk            John J. Perconte
     Richard J. Daley Center, Room 1001            Levin & Perconte
     50 West Washington Street                     325 North LaSalle Street, Suite 450
     Chicago, Illinois 60602                       Chicago, Illinois 60654

     Anderson Rasor & Partners, LLP               Cassiday Schade LLP
     100 South Wacker Drive, Suite 1000           20 North Wacker Drive, Suite 1000
     Chicago, Illinois 60606                       Chicago, Illinois 60606

The United States, by its attorney, Zachary T. Fardon, United States Attorney for the

Northern District of Illinois, submits this corrected[1] notice of removal of the above-captioned

civil action from the Circuit Court of Cook County, Illinois, to the United States District Court,

Northern District of Illinois, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §

2679, and 42 U.S.C. § 233, and in support thereof states the following:

---

[1] The original notice lacked the copy of the state court complaint (Ex. A).

1.      Plaintiff Veronica Cook, as independent administrator of the Estate of Lontrell Montley, deceased, commenced the above civil action on December 13, 2013, against Leo Boler, M.D., the Access Community Health Network, and others, alleging medical malpractice. A copy of the state court complaint is attached as Exhibit A. For purposes of this lawsuit, Access Community Health Network is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. *See* Exhibit B. In addition, Leo Boler, M.D., was acting within the scope of her employment at the Access Community Health Network with respect to the incidents referred to in the complaint. *Id.*

2.      This notice of removal is filed in accordance with 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant Access Community Health Network was a private entity receiving grant money from the Public Health Service and that defendant Leo Boler, M.D., was acting within the scope of his employment at the Access Community Health Network with respect to the incidents referred to in the complaint. Exhibit B.

3.      This notice of removal may be filed without bond at any time before trial. 28 U.S.C. § 2679(d)(2). Trial has not yet been had in this action.

4.      Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 2679, this civil action is deemed an action against the United States and the United States is substituted as the sole federal party defendant in place of defendants Access Community Health Network and Leo Boler, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 28 U.S.C. § 2679(d) and 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Access Community Health Network and Leo Boler, M.D.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Thomas P. Walsh
THOMAS P. WALSH
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1325
thomas.walsh2@usdoj.gov

Exhibit A

RECEIVED

DEC 19 2013

BY: _pwg_

2120-Served                      2121-Served
2220-Not Served                  2'
2320-Served By Mail              2321-Ser
2420-Served By Publication       2421-Ser
SUMMONS                ALIAS - SUMMONS



**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

VERONICA COOK, as Independent
Administrator of the Estate of LONTRELL
MONTLEY, Deceased,

       Plaintiff,

versus

MOUNT SINAI HOSPITAL MEDICAL
CENTER OF CHICAGO, an Illinois Not-
For-Profit Corporation, LEO BOLER, MD,
ACCESS COMMUNITY HEALTH
NETWORK, an Illinois Not-For-Profit
Corporation d/b/a ACCESS MADISON
FAMILY HEALTH CENTER,
MEENAKSHI GUPTA, MD, SARIKA
ARORA, MD, and ALLA BODNER, MD,

       Defendants.

**COURT #**

**SHERIFF PLEASE SERVE:**

**SEE ATTACHED SERVICE LIST**

## S U M M O N S

To each Party:

  YOU ARE SUMMONED and required to file an answer to written discovery in this case, or otherwise file your appearance in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room * 801 , Chicago, Illinois 60602), within 30 days after service of this Summons, not counting the day of service. IF YOU FAIL TO DO SO, AN ORDER TO COMPEL SAID ANSWERS MAY BE ENTERED AGAINST YOU.

To the Officer:

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so indorsed. This Summons may not be served later than 30 days after its date.



WITNESS......................., 20......

.............................................
Clerk of Court

Atty.No. : 55019
Name    : Levin & Perconti
Atty. For: Plaintiff
Address  : 325 N. LaSalle, Ste. 450
City    : Chicago, Illinois 60654
Telephone: (312) 332-2872

Date of Service:.............20..
(To be inserted by officer on copy
left with defendant or other person)

## SERVICE LIST

### SHERIFF OF COOK COUNTY PLEASE SERVE:

1.  **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation**
    R/A:   Alan H. Channing
    2750 W. 15th St.
    Chicago, IL  60608

2.  **LEO BOLER, MD,**
    2409 West Warren Blvd
    Chicago, IL  60612

3.  **ACCESS COMMUNITY HEALTH NETWORK, an Illinois Not-For-Profit Corporation d/b/a ACCESS MADISON FAMILY HEALTH CENTER**
    R/A:   P. Matthew Glavin
    180 N. LaSalle St.
    Suite 2002
    Chicago, IL  60601

4.  **MEENAKSHI GUPTA, MD,**
    903 South Ashland Avenue Apt 1201
    Chicago, IL  60607

5.  **SARIKA ARORA, MD,**
    3303 West 26th Street
    Chicago, IL  60623

6.  **ALLA BODNER, MD**
    1928 Monroe Avenue
    Glenview, IL  60025

STATE OF ILLINOIS )
 ) SS.
COUNTY OF COOK )

Firm ID: 55019

FILED-1

2013 DEC 13 PM 2: 53
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

RECEIVED
DEC 19 2013
BY: ___

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

VERONICA COOK, as Independent
Administrator of the Estate of
LONTRELL MONTLEY, Deceased,

Plaintiff,

versus

MOUNT SINAI HOSPITAL MEDICAL
CENTER OF CHICAGO, an Illinois Not-
For-Profit Corporation, LEO BOLER,
MD, ACCESS COMMUNITY HEALTH
NETWORK, an Illinois Not-For-Profit
Corporation d/b/a ACCESS MADISON
FAMILY HEALTH CENTER,
MEENAKSHI GUPTA, MD, SARIKA
ARORA, MD, and ALLA BODNER, MD,

Defendants.

COURT #

## COMPLAINT AT LAW

The Plaintiff, VERONICA COOK, as Independent Administrator of the Estate of

LONTRELL MONTLEY, Deceased, by her attorneys, LEVIN & PERCONTI, complains

against the Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO,

an Illinois Not-For-Profit Corporation, LEO BOLER, MD, ACCESS COMMUNITY

HEALTH NETWORK, an Illinois Not-For-Profit Corporation d/b/a ACCESS MADISON

FAMILY HEALTH CENTER, MEENAKSHI GUPTA, MD, SARIKA ARORA, MD, and

ALLA BODNER, MD, and in support thereof states as follows:

### COUNT I
(Cook v. Mount Sinai Hospital Medical Center of Chicago – Survival Action)

The Plaintiff, VERONICA COOK, as Independent Administrator of the Estate of

1

LONTRELL MONTLEY, Deceased, by her attorneys, LEVIN & PERCONTI, complains against the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation, and in support thereof states as follows:

1.    The Plaintiff, VERONICA COOK is the Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased. (See Order of appointment attached as Exhibit A).

2.    The Plaintiff, VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

3.    LONTRELL MONTLEY ("LONTRELL") was born on March 28, 2011.

4.    LONTRELL died on September 28, 2012.

5.    VERONICA COOK ("VERONICA") is the mother of LONTRELL, Deceased.

6.    At all times relevant to this Complaint, the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation, owned, operated, maintained, managed and controlled a medical facility commonly known as MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, located at 2750 West 15th Street in Chicago, Illinois and held itself out to the community for, among other things, its commitment to delivery of quality, community-focused healthcare.

7.    At all times relevant to this Complaint, the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation held itself out to the public, through its actual, implied and/or apparent agents, servants and employees, including physicians, nurses and/or other healthcare professionals, and, in particular to VERONICA, as possessing the requisite professional skill, expertise, knowledge, facilities,

2

personnel and information to provide appropriate medical services required by a patient, and in particular, to **VERONICA**.

8.    At all times relevant to this Complaint, the Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation** provided rooms, laboratories, technicians, nursing services, physicians, and x-ray services for patients including **VERONICA**.

9.    On or about March 28, 2011, **VERONICA** was admitted to **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO** with a medical history including, but not limited to, five previous Caesarian Sections.

10.    On or about March 28, 2011, **VERONICA** came under the care of Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,** during the labor and delivery of her son, **LONTRELL**.

11.    At all times relevant to this Complaint, **VERONICA** entrusted the course of her labor and delivery to the Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation.**

12.    At all times relevant to this Complaint, **VERONICA** did not have the medical knowledge or expertise to determine the course of her care and treatment and her labor and delivery.

13.    While patients at **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO**, **VERONICA** and **LONTRELL** neither knew nor should have known which of the duly licensed physicians, nurses, and other healthcare professionals who provided them with care, treatment and supervision at **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO** were actually employees of **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO.**

3

14. While patients at MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, VERONICA and LONTRELL did not choose which physicians, nurses and other healthcare professionals provided them with care, treatment and supervision, but instead relied upon MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO to provide them with appropriate emergency room care, treatment and supervision.

15. At all times relevant to this Complaint, Defendants, LEO BOLER, MD, MEENAKSHI GUPTA, MD, SARIKA ARORA, MD, and ALLA BODNER, MD, were physicians, duly licensed by the State of Illinois to practice medicine in all of its branches.

16. At all times relevant to this Complaint, LEO BOLER, MD, was an actual, implied and/or apparent agent, servant and employee of Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation, and as such, Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation, is vicariously liable for the negligent acts of LEO BOLER, MD.

17. At all times relevant to this Complaint, MEENAKSHI GUPTA, MD, was an actual, implied and/or apparent agent, servant and employee of Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation, and as such, Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation, is vicariously liable for the negligent acts of MEENAKSHI GUPTA, MD.

18. At all times relevant to this Complaint, SARIKA ARORA, MD, was an actual, implied and/or apparent agent, servant and employee of Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation, and as such, Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO,

4

an Illinois Not-For-Profit Corporation, is vicariously liable for the negligent acts of **SARIKA ARORA, MD.**

19. At all times relevant to this Complaint, **ALLA BODNER, MD,** was an actual, implied and/or apparent agent, servant and employee of Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO,** an Illinois Not-For-Profit Corporation, and as such, Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO,** an Illinois Not-For-Profit Corporation, is vicariously liable for the negligent acts of **ALLA BODNER, MD.**

20. At all times relevant to this Complaint, it became and was the duty of Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO,** an Illinois Not-For-Profit Corporation, through its actual, implied and/or apparent agents, servants and employees, including physicians, nurses and/or other healthcare professionals including, but not limited to, **LEO BOLER, MD, MEENAKSHI GUPTA, MD, SARIKA ARORA, MD,** and **ALLA BODNER, MD,** to possess and apply the knowledge and use the skill and care ordinarily used by a reasonably careful physician, nurse, hospital and/or other healthcare professionals in the examination, diagnosis and treatment of **VERONICA** and **LONTRELL.**

21. The Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO,** an Illinois Not-For-Profit Corporation, through its actual, implied and/or apparent agents, servants and employees, including physicians, nurses and/or other healthcare professionals, breached its duty to exercise reasonable care and was negligent as a result of one or more of the following negligent acts or omissions:

   a) The nursing staff and resident physicians failed to appropriately and timely evaluate VERONICA's pain upon presentation to the labor and delivery area on March 28, 2011;

5

b) The nursing staff and resident physicians failed to appreciate the significance of VERONICA's pain in light of her being full-term with a previous history of five cesarean sections;

c) The nursing staff and resident physicians failed to adequately investigate the source of VERONICA's abdominal pain;

d) The resident physicians failed to appropriately and timely diagnose VERONICA's uterine rupture;

e) The nursing staff failed to timely and accurately report VERONICA's severe abdominal pain to the residents;

f) The resident physicians failed to ensure proper continuous fetal monitoring on VERONICA:

g) The hospital failed to maintain working equipment in the labor and delivery of LONTRELL including, but not limited to an ultrasound machine; and

h) Residents failed to timely initiate, perform, or recommend to the attending physicians an emergency cesarean section on VERONICA when they knew or should have known it was necessary in part due to the patient's history and the ongoing fetal distress as evidence by persistent decelerations and fetal bradycardia.

22.    As a direct and proximate result of one or more of the Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation's**, negligent acts or omissions, LONTRELL suffered injuries including, but not limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a permanent tracheostomy,  gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and caused or contributed to causing his death.

23.    As a direct and proximate result of one or more of the Defendant's, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,**  negligent acts or omissions, LONTRELL suffered injuries of a personal and pecuniary nature, past, and present, including, but not limited to, hospital, medical and related

6

expenses, disability and disfigurement, pain and suffering and physical and emotional trauma and a decline in **LONTRELL's** level of dignity, self-respect and individuality, and **LONTRELL** would have been entitled to receive compensation from Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation** for these injuries, had he survived. Further, **LONTRELL's** estate was diminished by virtue of the medical and hospital expenses incurred.

24. Attached to this Complaint as "Exhibit B" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

25. Attached to this Complaint as "Exhibit C" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE,** the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** asks that a judgment be entered against Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,** in a fair and just amount in excess of **FIFTY THOUSAND DOLLARS ($50,000.00).**

<u>**COUNT II**</u>
(Cook v. Mount Sinai Hospital Medical Center of Chicago – Wrongful Death Action)

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** by her attorneys, **LEVIN & PERCONTI,** complains against the Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,** and in support thereof states as follows:

1. The Plaintiff, **VERONICA COOK** is the Independent Administrator of the Estate of **LONTRELL MONTLEY, Deceased.** (See Order of appointment attached as Exhibit A).

2. The Plaintiff, **VERONICA COOK, as Independent Administrator of the**

7

Estate of **LONTRELL MONTLEY, Deceased**, brings this action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known the Wrongful Death Act of the State of Illinois.

3. The Plaintiff re-alleges paragraphs 3 – 21 of Count I of this Complaint as and for paragraphs 3 - 21 of this Count II.

22. As a direct and proximate result of one or more of the Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation's**, negligent acts or omissions, **LONTRELL** suffered injuries including, but not limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a permanent tracheostomy, gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and caused or contributed to causing his death.

23. **LONTRELL** left surviving him various person who were her next of kin including, but not limited to, the following individuals:

     a. **VERONICA COOK;**
     b. Tyshawn Cook;
     c. Lonnie Lee Montley;
     d. Lonnell Montley;
     e. LaDarius Montley; and
     f. Lunhyia Montley.

24. All of **LONTRELL's** next of kin suffered injuries as a result of his death, including the loss of companionship and society and grief, sorrow and mental anguish. Further, **LONTRELL's** estate was diminished by virtue of the medical, hospital and funeral expenses that were incurred.

25. Attached to this Complaint as "Exhibit B" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

8

26. Attached to this Complaint as "Exhibit C" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

WHEREFORE, the Plaintiff, VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased, asks that a judgment be entered against Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation, in a fair and just amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT III**
(Cook v. Leo Boler, MD, and Access Community Health network – Survival Action)

The Plaintiff, VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased, by her attorneys, LEVIN & PERCONTI, complains against the Defendant, LEO BOLER, MD, and ACCESS COMMUNITY HEALTH NETWORK, an Illinois Not-For-Profit Corporation d/b/a ACCESS MADISON FAMILY HEALTH CENTER (hereinafter "ACCESS") and in support thereof states as follows:

1. The Plaintiff, VERONICA COOK is the Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased. (See Order of appointment attached as Exhibit A).

2. The Plaintiff, VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

3. LONTRELL MONTLEY ("LONTRELL") was born on March 28, 2011.

4. LONTRELL died on September 28, 2012.

5. VERONICA COOK ("VERONICA") is the mother of LONTRELL, Deceased.

9

6.     At all times relevant to this Complaint, the Defendant, **LEO BOLER, MD,** was a physician, duly licensed by the State of Illinois to practice medicine in all of its branches.

7.     At all times relevant to this Complaint, Defendant **LEO BOLER, MD,** held himself out to the public, and, in particular, to **VERONICA,** as possessing the requisite professional skill, expertise, knowledge, facilities, personnel and information to provide appropriate medical services required by a patient, and in particular, to **VERONICA.**

8.     On and before March 28, 2011, **VERONICA** came under the care of Defendant, **LEO BOLER, MD,** for prenatal care and the labor and delivery of her son, **LONTRELL.**

9.     On or about March 28, 2011, **VERONICA** was admitted to **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO** with a medical history including, but not limited to, five previous Cesarean sections.

10.     At all times relevant to this Complaint, **VERONICA** entrusted the course of her prenatal and labor and delivery to the Defendant, **LEO BOLER, MD.**

11.     At all times relevant to this Complaint, the Defendant, **LEO BOLER, MD,** was a physician, duly licensed by the State of Illinois to practice medicine in all of its branches.

12.     At all times relevant to this Complaint, Defendant **LEO BOLER, MD,** held himself out to the public, and, in particular, to **VERONICA,** as possessing the requisite professional skill, expertise, knowledge, facilities, personnel and information to provide appropriate medical services required by a patient, and in particular, to **VERONICA.**

13.     At all times relevant to this Complaint, **VERONICA** did not have the medical knowledge or expertise to determine the course of care and treatment of her labor and delivery.

14.     At all times relevant to this Complaint, **LEO BOLER, MD,** was an actual, implied and/or apparent agent, servant and employee of Defendant, **ACCESS COMMUNITY**

10

HEALTH NETWORK, an Illinois Not-For-Profit Corporation d/b/a ACCESS MADISON FAMILY HEALTH CENTER.

15. At all times relevant to this Complaint, LEO BOLER, MD, was acting within the scope of his employment with Defendant, ACCESS COMMUNITY HEALTH NETWORK, an Illinois Not-For-Profit Corporation d/b/a ACCESS MADISON FAMILY HEALTH CENTER, and as such, ACCESS is vicariously liable for his negligent conduct.

16. At all times relevant to this Complaint, it was the duty of the Defendant, LEO BOLER, MD, to exercise skill and care ordinarily used by a reasonably careful physician in the examination, diagnosis, and treatment of VERONICA and LONTRELL.

17. At all times relevant to this Complaint, it was the duty of the Defendant, ACCESS COMMUNITY HEALTH NETWORK, an Illinois Not-For-Profit Corporation d/b/a ACCESS MADISON FAMILY HEALTH CENTER, through its actual, implied and/or apparent agents, servant and employees, including physicians and other healthcare professionals including LEO BOLER, MD, to possess and apply the knowledge and use the skill and care ordinarily used by reasonably careful physicians and other healthcare professionals in the examination, diagnosis, care and treatment of VERONICA and LONTRELL.

18. The Defendant, ACCESS COMMUNITY HEALTH NETWORK, an Illinois Not-For-Profit Corporation d/b/a ACCESS MADISON FAMILY HEALTH CENTER through its actual, implied and/or apparent agent, servant and employee, LEO BOLER, MD, failed to possess and apply the knowledge and use the skill and care ordinarily used by a reasonably careful physician in his care, treatment, and supervision of VERONICA and LONTRELL, by one or more of the following negligent acts or omissions:

    a) Failed to appropriately instruct and communicate VERONICA's condition to the resident physicians on March 28, 2011;

11

b) Failed to appropriately and timely recognize signs and symptoms of a uterine rupture in VERONICA; and

c) Failed to consider a uterine rupture as the source of VERONICA's abdominal pain when it was known or should have been known that given her five prior Cesarean sections she was at risk for such a complication.

19.     As a direct and proximate result of one or more of the Defendant, **LEO BOLER, MD's**, negligent acts or omissions, **LONTRELL** suffered injuries including, but not limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a permanent tracheostomy,  gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and  caused or contributed to causing his death.

20.     As a direct and proximate result of one or more of the Defendant, **LEO BOLER, MD's**, negligent acts or omissions, **LONTRELL** suffered injuries of a personal and pecuniary nature, past, and present, including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering and physical and emotional trauma and a decline in **LONTRELL's** level of dignity, self-respect and individuality, and **LONTRELL** would have been entitled to receive compensation from Defendant for these injuries, had he survived. Further, **LONTRELL's** estate was diminished by virtue of the medical and hospital expenses incurred.

21.     Attached to this Complaint as "Exhibit B" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

22.     Attached to this Complaint as "Exhibit D" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE**, the Plaintiff, **VERONICA COOK, as Independent Administrator of**

12

the Estate of LONTRELL MONTLEY, Deceased, asks that a judgment be entered against Defendants, LEO BOLER, MD, and ACCESS COMMUNITY HEALTH NETWORK, an Illinois Not-For-Profit Corporation d/b/a ACCESS MADISON FAMILY HEALTH CENTER in a fair and just amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT IV**
(Cook v. Leo Boler, MD and Access Community Health Network – Wrongful Death Action)

The Plaintiff, VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased, by her attorneys, LEVIN & PERCONTI, complains against the Defendant, LEO BOLER, MD, and ACCESS COMMUNITY HEALTH NETWORK, an Illinois Not-For-Profit Corporation d/b/a ACCESS MADISON FAMILY HEALTH CENTER and in support thereof states as follows:

1. The Plaintiff, VERONICA COOK is the Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased. (See Order of appointment attached as Exhibit A).

2. The Plaintiff, VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased, brings this action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known the Wrongful Death Act of the State of Illinois.

3-18. The Plaintiff re-alleges paragraphs 3 – 18 of Count III of this Complaint as and for paragraphs 3 - 18 of this Count IV.

19. As a direct and proximate result of one or more of the Defendant, LEO BOLER, MD's, negligent acts or omissions, LONTRELL suffered injuries including, but not limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a

13

permanent tracheostomy, gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and caused or contributed to causing his death.

20.     **LONTRELL** left surviving him various person who were her next of kin including, but not limited to, the following individuals:

      a.  **VERONICA COOK;**
      b.  Tyshawn Cook;
      c.  Lonnie Lee Montley;
      d.  Lonnell Montley;
      e.  LaDarius Montley; and
      f.  Lunhyia Montley.

21.     All of **LONTRELL's** next of kin suffered injuries as a result of his death, including the loss of companionship and society and grief, sorrow and mental anguish. Further, **LONTRELL's** estate was diminished by virtue of the medical, hospital and funeral expenses that were incurred.

22.     Attached to this Complaint as "Exhibit B" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

23.     Attached to this Complaint as "Exhibit D" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE,** the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY,** Deceased, asks that a judgment be entered against Defendant, **LEO BOLER, MD,** and **ACCESS COMMUNITY HEALTH NETWORK,** an **Illinois Not-For-Profit Corporation** d/b/a **ACCESS MADISON FAMILY HEALTH CENTER** in a fair and just amount in excess of **FIFTY THOUSAND DOLLARS ($50,000.00).**

**COUNT V**
(Cook v. Meenakshi Gupta, MD – Survival Action)

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of**

14

LONTRELL MONTLEY, Deceased, by her attorneys, LEVIN & PERCONTI, complains against the Defendant, MEENAKSHI GUPTA, MD, and in support thereof states as follows:

1. The Plaintiff, VERONICA COOK is the Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased. (See Order of appointment attached as Exhibit A).

2. The Plaintiff, VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

3. LONTRELL MONTLEY ("LONTRELL") was born on March 28, 2011.

4. LONTRELL died on September 28, 2012.

5. VERONICA COOK ("VERONICA") is the mother of LONTRELL, Deceased.

6. At all times relevant to this Complaint, the Defendant, MEENAKSHI GUPTA, MD, was a physician, duly licensed by the State of Illinois to practice medicine in all of its branches.

7. At all times relevant to this Complaint, Defendant MEENAKSHI GUPTA, MD, held herself out to the public, and, in particular, to VERONICA, as possessing the requisite professional skill, expertise, knowledge, facilities, personnel and information to provide appropriate medical services required by a patient, and in particular, to VERONICA.

8. On or about March 28, 2011, VERONICA was admitted to MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO with a medical history including, but not limited to, five previous Caesarian Sections.

9. On or about March 28, 2011, VERONICA came under the care of Defendant, MEENAKSHI GUPTA, MD, during the labor and delivery of her son, LONTRELL.

15

10.    At all times relevant to this Complaint, VERONICA entrusted the course of her labor and delivery to the Defendant, MEENAKSHI GUPTA, MD.

11.    At all times relevant to this Complaint, VERONICA did not have the medical knowledge or expertise to determine the course of care and treatment of her labor and delivery.

12.    At all times relevant to this Complaint, MEENAKSHI GUPTA, MD, was an actual, implied and/or apparent agent, servant and employee of Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation.

13.    At all times relevant to this Complaint, it was the duty of the Defendant, MEENAKSHI GUPTA, MD, to exercise skill and care ordinarily used by a well-qualified physician in the examination, diagnosis, and treatment of VERONICA and LONTRELL.

14.    The Defendant, MEENAKSHI GUPTA, MD, failed to possess and apply the knowledge and use the skill and care ordinarily used by a well-qualified physician in her care, treatment, and supervision of VERONICA and LONTRELL, and breached her duty by one or more of the following negligent acts or omissions:

      a.    Failed to appropriately evaluate VERONICA's medical condition upon presentation to the labor and delivery area on March 28, 2011;

      b.    Failed to appropriately investigate the source of VERONICA's abdominal pain;

      c.    Failed to timely recognize signs and symptoms of and diagnose a uterine rupture as the source of VERONICA's abdominal pain when it was known or should have been known that given her five prior Cesarean sections she was at risk for such a complication;

      d.    Failed to timely and appropriately communicate changes in VERONICA's medical condition and persistent decelerations and fetal bradycardia in LONTRELL to the attending physician resulting in the failure to timely perform a Cesarean section.

15.    As a direct and proximate result of one or more of the Defendant, MEENAKSHI GUPTA, MD's, negligent acts or omissions, LONTRELL suffered injuries including, but not

16

limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a permanent tracheostomy, gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and caused or contributed to causing his death.

16. As a direct and proximate result of one or more of the Defendant, **MEENAKSHI GUPTA, MD's**, negligent acts or omissions, **LONTRELL** suffered injuries of a personal and pecuniary nature, past, and present, including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering and physical and emotional trauma and a decline in **LONTRELL's** level of dignity, self-respect and individuality, and **LONTRELL** would have been entitled to receive compensation from Defendant for these injuries, had he survived. Further, **LONTRELL's** estate was diminished by virtue of the medical and hospital expenses incurred.

17. Attached to this Complaint as "Exhibit B" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

18. Attached to this Complaint as "Exhibit E" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE**, the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** asks that a judgment be entered against Defendant, **MEENAKSHI GUPTA, MD,** in a fair and just amount in excess of **FIFTY THOUSAND DOLLARS ($50,000.00).**

## COUNT VI
(Cook v. Meenakshi Gupta, MD – Wrongful Death Action)

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** by her attorneys, **LEVIN & PERCONTI,** complains

17

against the Defendant, **MEENAKSHI GUPTA, MD,** and in support thereof states as follows:

1.     The Plaintiff, **VERONICA COOK** is the **Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased.** (See Order of appointment attached as Exhibit A).

2.     The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known the Wrongful Death Act of the State of Illinois.

3-15.   The Plaintiff re-alleges paragraphs 3 – 15 of Count V of this Complaint as and for paragraphs 3 - 15 of this Count VI.

16.    As a direct and proximate result of one or more of the Defendant, **MEENAKSHI GUPTA, MD's,** negligent acts or omissions, **LONTRELL** suffered injuries including, but not limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a permanent tracheostomy, gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and caused or contributed to causing his death.

17.    **LONTRELL** left surviving him various person who were her next of kin including, but not limited to, the following individuals:

     a.  **VERONICA COOK;**
     b.  Tyshawn Cook;
     c.  Lonnie Lee Montley;
     d.  Lonnell Montley;
     e.  LaDarius Montley; and
     f.  Lunhyla Montley.

18.    All of **LONTRELL's** next of kin suffered injuries as a result of his death, including the loss of companionship and society and grief, sorrow and mental anguish. Further,

LONTRELL's estate was diminished by virtue of the medical, hospital and funeral expenses that were incurred.

19.    Attached to this Complaint as "Exhibit B" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

20.    Attached to this Complaint as "Exhibit E" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

WHEREFORE, the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased**, asks that a judgment be entered against Defendant, **MEENAKSHI GUPTA, MD**, in a fair and just amount in excess of **FIFTY THOUSAND DOLLARS ($50,000.00).**

### COUNT VII
(Cook v. Sarika Arora, MD – Survival Action)

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased**, by her attorneys, **LEVIN & PERCONTI**, complains against the Defendant, **SARIKA ARORA, MD**, and in support thereof states as follows:

1.    The Plaintiff, **VERONICA COOK** is the **Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased.** (See Order of appointment attached as Exhibit A).

2.    The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased**, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

3.    **LONTRELL MONTLEY ("LONTRELL")** was born on March 28, 2011.

4.    **LONTRELL** died on September 28, 2012.

5.    **VERONICA COOK ("VERONICA")** is the mother of **LONTRELL, Deceased.**

19

6.    At all times relevant to this Complaint, the Defendant, **SARIKA ARORA, MD,** was a physician, duly licensed by the State of Illinois to practice medicine in all of its branches.

7.    At all times relevant to this Complaint, Defendant **SARIKA ARORA, MD,** held herself out to the public, and, in particular, to **VERONICA,** as possessing the requisite professional skill, expertise, knowledge, facilities, personnel and information to provide appropriate medical services required by a patient, and in particular, to **VERONICA.**

8.    On or about March 28, 2011, **VERONICA** was admitted to **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO** with a medical history including, but not limited to, five previous Caesarian Sections.

9.    On or about March 28, 2011, **VERONICA** came under the care of Defendant, **SARIKA ARORA, MD,** during the labor and delivery of her son, **LONTRELL.**

10.    At all times relevant to this Complaint, **VERONICA** entrusted the course of her labor and delivery to the Defendant, **SARIKA ARORA, MD.**

11.    At all times relevant to this Complaint, **VERONICA** did not have the medical knowledge or expertise to determine the course of care and treatment of her labor and delivery.

12.    At all times relevant to this Complaint, **SARIKA ARORA, MD,** was an actual, implied and/or apparent agent, servant and employee of Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation.**

13.    At all times relevant to this Complaint, it was the duty of the Defendant, **SARIKA ARORA, MD,** to exercise skill and care ordinarily used by a well-qualified physician in the examination, diagnosis, and treatment of **VERONICA** and **LONTRELL.**

14.    The Defendant, **SARIKA ARORA, MD,** failed to possess and apply the knowledge and use the skill and care ordinarily used by a well-qualified physician in her care,

treatment, and supervision of **VERONICA** and **LONTRELL,** and breached her duty by one or more of the following negligent acts or omissions:

   a) Failed to appropriately evaluate VERONICA's medical condition upon presentation to the labor and delivery area on March 28, 2011;

   b) Failed to appropriately and timely investigate the source of VERONICA's abdominal pain;

   c) Failed to timely recognize signs and symptoms of and diagnose a uterine rupture as the source of VERONICA's abdominal pain when it was known or should have been known that given her five prior Cesarean sections she was at risk for such a complication;

   d) Failed to timely and appropriately communicate changes in VERONICA's medical condition and persistent decelerations and fetal bradycardia in LONTRELL to the attending physician; and

   e) Failed to timely perform a Cesarean section on VERONICA when it was known or should have been known that one was necessary.

15.    As a direct and proximate result of one or more of the Defendant, **SARIKA ARORA, MD's,** negligent acts or omissions, **LONTRELL** suffered injuries including, but not limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a permanent tracheostomy, gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and caused or contributed to causing his death.

16.    As a direct and proximate result of one or more of the Defendant, **SARIKA ARORA, MD's,** negligent acts or omissions, **LONTRELL** suffered injuries of a personal and pecuniary nature, past, and present, including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering and physical and emotional trauma and a decline in **LONTRELL's** level of dignity, self-respect and individuality, and **LONTRELL** would have been entitled to receive compensation from Defendant for these

21

injuries, had he survived. Further, **LONTRELL's** estate was diminished by virtue of the medical and hospital expenses incurred.

17.     Attached to this Complaint as "Exhibit B" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

18.     Attached to this Complaint as "Exhibit F" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

WHEREFORE, the Plaintiff, **VERONICA COOK, as Independent Administrator** of the Estate of **LONTRELL MONTLEY, Deceased,** asks that a judgment be entered against Defendant, **SARIKA ARORA, MD,** in a fair and just amount in excess of **FIFTY THOUSAND DOLLARS ($50,000.00).**

### COUNT VIII
(Cook v. Sarika Arora, MD – Wrongful Death Action)

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** by her attorneys, **LEVIN & PERCONTI,** complains against the Defendant, **SARIKA ARORA, MD,** and in support thereof states as follows:

1.     The Plaintiff, **VERONICA COOK is the Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased.** (See Order of appointment attached as Exhibit A).

2.     The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known the Wrongful Death Act of the State of Illinois.

3-14.   The Plaintiff re-alleges paragraphs 3 – 14 of Count VII of this Complaint as and for paragraphs 3 - 14 of this Count VIII.

15.     As a direct and proximate result of one or more of the Defendant, **SARIKA ARORA, MD's,** negligent acts or omissions, **LONTRELL** suffered injuries including, but not

22

limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a permanent tracheostomy, gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and caused or contributed to causing his death.

16. **LONTRELL** left surviving him various person who were her next of kin including, but not limited to, the following individuals:

     a. **VERONICA COOK;**
     b. Tyshawn Cook;
     c. Lonnie Lee Montley;
     d. Lonnell Montley;
     e. LaDarius Montley; and
     f. Lunhyia Montley.

17. All of **LONTRELL's** next of kin suffered injuries as a result of his death, including the loss of companionship and society and grief, sorrow and mental anguish. Further, **LONTRELL's** estate was diminished by virtue of the medical, hospital and funeral expenses that were incurred.

18. Attached to this Complaint as "Exhibit B" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

19. Attached to this Complaint as "Exhibit G" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE,** the Plaintiff, **VERONICA COOK,** as Independent Administrator of the Estate of **LONTRELL MONTLEY, Deceased,** asks that a judgment be entered against Defendant, **SARIKA ARORA, MD,** in a fair and just amount in excess of **FIFTY THOUSAND DOLLARS ($50,000.00).**

## COUNT IX
(Cook v. Alla Bodner, MD – Survival Action)

23

The Plaintiff, **VERONICA COOK**, as Independent Administrator of the Estate of **LONTRELL MONTLEY, Deceased**, by her attorneys, **LEVIN & PERCONTI**, complains against the Defendant, **ALLA BODNER, MD**, and in support thereof states as follows:

1.　　The Plaintiff, **VERONICA COOK** is the Independent Administrator of the **Estate of LONTRELL MONTLEY, Deceased**. (See Order of appointment attached as Exhibit A).

2.　　The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased**, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

3.　　**LONTRELL MONTLEY ("LONTRELL")** was born on March 28, 2011.

4.　　**LONTRELL** died on September 28, 2012.

5.　　**VERONICA COOK ("VERONICA")** is the mother of **LONTRELL, Deceased.**

6.　　At all times relevant to this Complaint, the Defendant, **ALLA BODNER, MD**, was a physician, duly licensed by the State of Illinois to practice medicine in all of its branches.

7.　　At all times relevant to this Complaint, Defendant **ALLA BODNER, MD**, held herself out to the public, and, in particular, to **VERONICA**, as possessing the requisite professional skill, expertise, knowledge, facilities, personnel and information to provide appropriate medical services required by a patient, and in particular, to **VERONICA**.

8.　　On or about March 28, 2011, **VERONICA** was admitted to **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO** with a medical history including, but not limited to, five previous Caesarian Sections.

9.　　On or about March 28, 2011, **VERONICA** came under the care of Defendant, **ALLA BODNER, MD**, during the labor and delivery of her son, **LONTRELL**.

24

10.     At all times relevant to this Complaint, VERONICA entrusted the course of her labor and delivery to the Defendant, ALLA BODNER, MD.

11.     At all times relevant to this Complaint, VERONICA did not have the medical knowledge or expertise to determine the course of care and treatment of her labor and delivery.

12.     At all times relevant to this Complaint, ALLA BODNER, MD, was an actual, implied and/or apparent agent, servant and employee of Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation.

13.     At all times relevant to this Complaint, it was the duty of the Defendant, ALLA BODNER, MD, to exercise skill and care ordinarily used by a well-qualified physician in the examination, diagnosis, and treatment of VERONICA and LONTRELL.

14.     The Defendant, ALLA BODNER, MD, failed to possess and apply the knowledge and use the skill and care ordinarily used by a well-qualified physician in her care, treatment, and supervision of VERONICA and LONTRELL, and breached her duty by one or more of the following negligent acts or omissions:

    a) Failed to appropriately and timely evaluate VERONICA's medical condition upon presentation to the labor and delivery area on March 28, 2011;

    b) Failed to appropriately and timely investigate the source of VERONICA's abdominal pain;

    c) Failed to timely recognize signs and symptoms of and diagnose a uterine rupture as the source of VERONICA's abdominal pain when it was known or should have been known that given her five prior Cesarean sections she was at risk for such a complication; and

    d) Failed to timely and appropriately communicate changes in VERONICA's medical condition and persistent decelerations and fetal bradycardia in LONTRELL to the attending physician resulting in the failure to timely perform a Cesarean section.

15.     As a direct and proximate result of one or more of the Defendant, ALLA BODNER, MD's, negligent acts or omissions, LONTRELL suffered injuries including, but not

limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a permanent tracheostomy, gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and caused or contributed to causing his death.

16.     As a direct and proximate result of one or more of the Defendant, **ALLA BODNER, MD's,** negligent acts or omissions, **LONTRELL** suffered injuries of a personal and pecuniary nature, past, and present, including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering and physical and emotional trauma and a decline in **LONTRELL's** level of dignity, self-respect and individuality, and **LONTRELL** would have been entitled to receive compensation from Defendant for these injuries, had he survived. Further, **LONTRELL's** estate was diminished by virtue of the medical and hospital expenses incurred.

17.     Attached to this Complaint as "Exhibit B" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

18.     Attached to this Complaint as "Exhibit I" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE,** the Plaintiff, **VERONICA COOK,** as Independent Administrator of the Estate of **LONTRELL MONTLEY,** Deceased, asks that a judgment be entered against Defendant, **ALLA BODNER, MD,** in a fair and just amount in excess of **FIFTY THOUSAND DOLLARS ($50,000.00).**

### COUNT X
(Cook v Alla Bodner, MD – Wrongful Death Action)

The Plaintiff, **VERONICA COOK,** as Independent Administrator of the Estate of **LONTRELL MONTLEY,** Deceased, by her attorneys, **LEVIN & PERCONTI,** complains

26

against the Defendant, **ALLA BODNER, MD**, and in support thereof states as follows:

1.    The Plaintiff, **VERONICA COOK** is the **Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased.** (See Order of appointment attached as Exhibit A).

2.    The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known the Wrongful Death Act of the State of Illinois.

3-14.    The Plaintiff re-alleges paragraphs 3 – 14 of Count IX of this Complaint as and for paragraphs 3 - 14 of this Count X.

15.    As a direct and proximate result of one or more of the Defendant, **ALLA BODNER, MD's**, negligent acts or omissions, **LONTRELL** suffered injuries including, but not limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a permanent tracheostomy,  gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and  caused or contributed to causing his death.

16.    **LONTRELL** left surviving him various person who were her next of kin including, but not limited to, the following individuals:

        a.  **VERONICA COOK;**
        b.  Tyshawn Cook;
        c.  Lonnie Lee Montley;
        d.  Lonnell Montley;
        e.  LaDarius Montley; and
        f.  Lunhyia Montley.

17.    All of **LONTRELL's** next of kin suffered injuries as a result of his death, including the loss of companionship and society and grief, sorrow and mental anguish. Further,

LONTRELL's estate was diminished by virtue of the medical, hospital and funeral expenses that were incurred.

18.     Attached to this Complaint as "Exhibit B" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

19.     Attached to this Complaint as "Exhibit G" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE,** the Plaintiff, **VERONICA COOK,** as Independent Administrator of the Estate of **LONTRELL MONTLEY, Deceased,** asks that a judgment be entered against Defendant, **ALLA BODNER, MD,** in a fair and just amount in excess of **FIFTY THOUSAND DOLLARS ($50,000.00).**

Respectfully submitted,
**LEVIN & PERCONTI**

BY: _____
Attorneys for Plaintiff

JOHN J. PERCONTI
PATRICIA L. GIFFORD
CARI F. SILVERMAN
**LEVIN & PERCONTI**
325 North LaSalle Street Suite 450
Chicago, IL 60654
312 332-2872
312 332-3112 (facsimile)

28

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Veronica Cook, As Independent Administrator of the Estate of Lontrell Montley, Deceased,<br><br>     Plaintiff,<br><br>          v.<br><br>Mount Sinai Hospital Medical Center of Chicago, Leo Boler, M.D., Access Community Health Network, d/b/a Access Madison Family Health Center, Meenakshi Gupta, M.D., Sarika Arora, M.D., and Alla Bodner, M.D.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: 14 C 2035

FEB 11

## DECLARATION OF
## MEREDITH TORRES

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Office that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

-2-

3. As a consequence, if an administrative tort claim had been filed with the department with respect to Access Community Health Network, d/b/a Access Madison Family Health Center, its approved delivery sites, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Office's database.

4. I caused a search of the Claims Office's database to be conducted and found no record of an administrative tort claim filed by Plaintiffs, Veronica Cook, or on behalf of the estate of Lontrell Montley, deceased, or an authorized representative relating to medical care provided by Access Community Health Network d/b/a Access Madison Family Health Center and Dr. Leo Boler.

5. I have also reviewed official agency records and determined that Access Community Health Network was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2011, and that its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employee under § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. A copy of the notification by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Access Community Health Network d/b/a Access Madison Family Health Center is attached to this declaration as Exhibit 1.

6. Official agency records further indicate that Dr. Leo Boler was an employee of Access Community Health Network d/b/a Access Madison Family Health Center at all times relevant to the Plaintiff's claim.

-3-

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this __11th__ day of __February__, 2014.

MEREDITH TORRES
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services